**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GILMORE INDUSTRIES, INC., Respondent.**

**No. 15750.**

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1965.

Lawrence Gold, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General

Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Norton J. Come, Asst. General Counsel, Washington, D. C., on brief, for petitioner.

Thomas J. McDermott, Cleveland, Ohio, Thompson, Hine & Flory, Cleveland, Ohio, on brief, for respondent.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

WEICK, Chief Judge.

The issue in this appeal relates to the validity of a representative election conducted by the Board which was won by the union. In the election the union received thirteen votes, nine votes were cast against it, and one vote was challenged. Gilmore, the employer, filed objections to the election with the Regional Director on grounds not involved here.

In investigating the election and a rumor that had been circulating throughout the employer's plant prior thereto, the rumor being that the union would waive its initiation fee for all employees in the event it won the election, it was disclosed to the Regional Director,—

" * * * that in order to counteract another rumor then current that the initiation fee would be $300, the Petitioner (union) had obtained permission from its International President to waive initiation fees for all those currently employed at the time of the election in the event the Petitioner (union) won said election. All employees hired after this time, however, would have to pay an initiation fee." (Supplemental Decision, etc. Regional Director, P.A., p. 4a)

Because this offer was disseminated to a number of the employees, the Regional Director set aside the election and ordered a second election on the authority of Lobue Bros., 109 NLRB 1182 (1954).

The union filed a timely request with the Board for review of the action of the Regional Director, which request was granted. The Board reviewed the case and by a 3 to 2 decision reversed the order of the Regional Director and certified the union. 140 NLRB 100 (1962).

Gilmore refused to bargain with the union on the ground that the certification was unlawful. A complaint was issued and the Board found Gilmore guilty of an unfair labor practice by violating Sections 8(a) (5) and (1) of the National Labor Relations Act (29 U.S.C. §§ 151 et seq.). 142 NLRB No. 95 (1964). The Board instituted the present proceeding in this Court to enforce its order.

In controversies of this kind between an employer and a labor union, it must not be forgotten that the paramount purpose of the Act was to secure to the employees freedom of choice in the selection of their representatives. International Ass'n of Machinists, Tool and Die Makers Lodge No. 35 v. NLRB, 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50 (1940); NLRB v. Pennsylvania Greyhound Lines, 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831 (1938); NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); NLRB v. Thompson Products, Inc., 162 F.2d 287, 293 (C.A. 6, 1947); 29 U.S.C. § 157. There can be no question but that freedom of choice may be seriously interfered with by economic inducements.

The Board has recognized its responsibility in connection with the conduct of elections. In Sewell Mfg. Co., 138 NLRB 66, 70 (1962), the Board said:

"Our function, as we see it, is to conduct elections in which the employees have the opportunity to cast their ballots for or against a labor organization in an atmosphere conducive to the sober and informed exercise of the franchise, free not only from interference, restraint, or coercion violative of the Act, but also from other elements which prevent or impede a reasoned choice."

In NLRB v. Gorbea, Perez & Morell, S. en C., 328 F.2d 679, 680 (C.A. 1, 1964), the Court used this language in determining whether there was interference with the employees' freedom of choice:

"The question whether there is interference · with the employees'

242

freedom of choice is often subtle and difficult. However, we start with one simplifying principle, avoiding the necessity of making the often impossible determination of its actual impact in the particular instance, that an inducement normally is material if objectively it is likely to have an appreciable effect."

The Board has held in a number of cases that the pre-election offer of waiver of initiation fees does not in and of itself interfere with the conduct of an election and is proper as a traditional union practice. General Electric Co., 120 NLRB 1035 (1958); A.R.F. Products, Inc., 118 NLRB 1456 (1957); J. J. Newberry Co., 100 NLRB 84 (1952); The Root Dry Goods Co. d. b. a. The Root Stores, 88 NLRB 289 (1950).

This principle was recognized in Gruen Watch Co., 108 NLRB 610 (1954), but the Board stated on page 613 that the pre-election offer was objectionable when the promised benefit was

"contingent on how the employees voted in the election or on the results of the election."

To the same effect are Bronze Alloys Co., 120 NLRB 682 (1958) and Otis Elevator Co., 114 NLRB 1490 (1955).

The closest case on the facts is Lobue Bros., supra, where the union distributed to the employees cards which contained a statement to the effect that they were to be given free membership only if it won the election and was thereafter certified as bargaining representative. The Board held that the case came squarely within the doctrine which it had enunciated in Gruen Watch, supra, and invalidated the election.

■ In the present case the Board distinguished Lobue on the ground that in that case cards were circulated among the employees which contained the offer of a waiver, whereas cards were not circulated here. We think this is a distinction without a difference.

■ It is unlawful for an employer to give a wage increase for the purpose of defeating a union organizing drive (NLRB v. Exchange Parts Co., 375 U.S. 405, 409, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964)), or to promise a wage increase if the union is defeated (NLRB v. Bailey Co., 180 F.2d 278 (C.A. 6, 1950). On the other hand, it is not unlawful for a union to promise to obtain a wage increase or other benefits if it is elected. Wilson Athletic Goods Mfg. v. NLRB, 164 F.2d 637 (C.A. 7, 1947).

In the Brief filed by the Board, it is stated in a footnote on page 16:

"There was no misrepresentation in the waiver in the instant case. Indeed, the impetus for the Union's waiver action was a desire to counter the misinformation which had been circulating among the employees that the Union would charge a $300 initiation fee."

We would think that if the union desired to counter the rumor, all it needed to do was to tell the truth, namely, that its initiation fee was six dollars and not three hundred dollars. By so doing, no employee could reasonably have believed that the waiver of initiation fees amounted to a benefit of three hundred dollars if the union won the election.

■ We do not think that Section 10 (e) of the Act bars consideration of this point. It was the Regional Director who investigated irregularities in the election and ordered it set aside. It was the Board that found the waiver of the initiation fee was in rebuttal to a rumor. In the Board's Brief filed in this Court is the statement that there was no misrepresentation in the waiver. We think the Respondent was within its rights in attempting to refute these claims.

■ In determining whether there was an interference with the employees' freedom of choice, we cannot detach the waiver of initiation fees from the circumstances under which it was made. We must consider all of the relevant facts and circumstances of the case. We conclude that the economic inducement offered by the union was material and impeded a reasoned choice. NLRB v. Gor-

bea, Perez & Morell, S. en C., supra; Sewell Mfg. Co., supra.

The Board in its brief relies on the following statement contained in the opinion of the Court in NLRB v. Gorbea, Perez & Morell, S. en C., supra, 328 F.2d at 682:

"On the other hand, we fully agree with the Board that a pre-election promise permitting all present employees, whether they vote for the union or not, to join without payment of an initiation fee up to and within a reasonable time immediately after the election would not be an inducement. Gilmore Indus., Inc., 1962, 140 N.L.R.B. 100."

It will be noted that this statement does not contain the language of the offer that it was conditioned upon the union winning the election, nor the circumstances under which the offer was made.

Enforcement denied.