### NATIONAL LABOR RELATIONS BOARD, Petitioner,

### v.

### John HAMMONDS and Roy Winegardner, Partners d/b/a 77 Operating Company, d/b/a Holiday Inn Restaurant, Respondents.

### No. 11206.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1967.

Decided Nov. 14, 1967.

Leon M. Kestenbaum, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Nancy M. Sherman, Atty., N. L. R. B., on the brief), for petitioner.

John C. Egbert, Cincinnati, Ohio (Frost & Jacobs, Cincinnati, Ohio, on the brief), for respondent.

Before BRYAN and WINTER, Circuit Judges, and WOODROW W. JONES, District Judge.

PER CURIAM:

The only aspect of the Board's order of which enforcement is resisted is its direction to bargain. That direction was predicated on the finding that the employers had violated § 8(a) (5) of the Act, and the correctness of that conclusion depended upon the correctness of the Board's determination of the appropriate bargaining unit.

Upon examination of the record as a whole, we find substantial evidence to support the Board's determination that restaurant employees, including the employee Blackburn, constitute an appropriate unit. Corrie Corporation v. National Labor Relations Board, 375 F.2d 149 (4 Cir. 1967); Singer Sewing Machine Co. v. National Labor Relations Board, 329 F.2d 200, 12 A.L.R.3d 775 (4 Cir. 1964). There was thus warrant for the Board to depart from the *per se* rule previously announced in Arlington Hotel Co., 126 N.L.R.B. 400 (1960); and, in the departure, the reasons therefor were sufficiently articulated to meet the requirements of National Labor Relations Board v. Metropolitan Life Ins. Co., 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). The record does not compel the inference that the Board, in reaching its decision, evaded the § 9(c) (5) command.

Enforcement granted.