**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SHAWNEE PLASTICS, INC., Respondent.**

No. 73–1187.

United States Court of Appeals Sixth Circuit.

Argued Oct. 8, 1973.

Decided Jan. 22, 1974.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Asst. Gen. Counsel, Joseph E. Mayer, Charles P. Donnelly, Attys., National Labor Relations Board, Washington, D. C., on brief, for petitioner.

Arthur R. Donovan, Harry P. Dees, Joseph A. Yocum, Evansville, Ind., on brief, for respondent; Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.

Before PHILLIPS, Chief Judge, CECIL, Senior Circuit Judge, and ALLEN *, District Judge.

PER CURIAM.

This case is before the Court on petition of the National Labor Relations Board for enforcement of its order against respondent, Shawnee Plastics, Inc., dated November 10, 1972, 200 N.L.R.B. No. 37. The Board submitted the case to a three member panel of the Board which found that the respondent was guilty of unfair labor practices in violation of Sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act

---

* The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation.

by refusing to bargain with the Union certified for collective bargaining. The Board then ordered the respondent, upon request to bargain with the Union.

The respondent admitted that it refused to bargain with the Union but claimed that the election was illegal by reason of the conduct of the Union members and that it should have been set aside by the Board.

The history of this case is as follows: On November 23, 1970, a petition under case No. 9–RC–8823 was filed with the Board by International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (U.A. W.) for certification as bargaining representative of the qualified workers of the respondent; a stipulation for certification upon consent election was agreed upon by the parties; an election was held and a tally of the votes showed 122 for U.A.W. and 67 opposed to either U.A.W. or the intervenor International Association of Machinists and Aerospace Workers, AFL-CIO (I.A.M.); on January 18, 1971, respondent employer filed objections with the Board claiming that the conduct of the election and the Unions through their members was such as to prevent a fair election. The employer urged the Board to set aside the election and to order a new election which would be free of the alleged misconduct.

The Board referred the Objections to a Regional Director of the Board for investigation and report. The Director investigated each claimed objection and reported back to the Board with a recommendation that the Employer's Objections be overruled in their entirety and an appropriate Certification of Representative be issued. The Employer filed timely exceptions to the Report on October 13, 1971. Thereafter, on December 16, 1971, a three member panel of the Board upon consideration of the Objections, the Report and the Exceptions, thereto, overruled the Objections in their entirety and certified the U.A.W. as the exclusive representative of the employees in the appropriate unit for collective bargaining. The Employer's Exception to the Board's certification and request for reconsideration was denied by the Board on January 1, 1972.

Up to this point the Employer was afforded no opportunity for an evidentiary hearing on its Objections.

The Employer refused to comply with the Board's certification and order of December 16, 1971, for collective bargaining and the proceeding now before us was begun by the filing of a charge against the employer under case No. 9–6a–6859, on March 3, 1972. Formal pleadings, a Complaint and Answer, were filed by the parties and then Counsel for the General Counsel moved for Summary Judgment.

To the motion for Summary Judgment all of the documents in the representative proceeding (No. 9-RC-8823), hereinabove enumerated, were attached including the Employer's Objections, the Director's Report and the Decision and Certification of the Board. The Employer filed a response to the motion for summary judgment and again challenged the validity of the certification in the companion representation case. It sought dismissal of the Complaint or in the alternative a full hearing before a trial examiner of the issues of fact raised in its response.

Without granting a hearing on the facts raised by the Objections and Response of the Employer the Board proceeded to consider and decide the motion for summary judgment on the record made in the representative case. It granted the motion, made Findings of Fact and Conclusions of Law and found that the Employer, respondent was guilty of unfair labor practices as heretofore indicated. The Board made the usual order to cease and desist from refusing to bargain with the Union, or from in any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed in Section 7 of the Act, post appropriate notices and upon request to bargain with the Union. This is the Decision and Order of November 10, 1972, to which ref-

erence is made in the first paragraph hereof.

In controversies between an Employer and a Union the paramount purpose of the Act is to secure to the employees freedom of choice in their representatives. N. L. R. B. v. Gilmore Industries, Inc., 341 F.2d 240, 241.

The Board is vested with a great deal of discretion in determining whether an election should be set aside. Rockwell Mfg. Co., Kearney Div. v. N. L. R. B., 330 F.2d 795, 796–797 (C.A. 7), cert. den., 379 U.S. 890, 85 S.Ct. 161, 13 L.Ed.2d 94; N. L. R. B. v. Tennessee Packers, Inc., Frosty Morn Div., 379 F.2d 172, 180 (C.A. 6). The question now before us is whether the action of the Board in issuing a bargaining order without granting a hearing to the respondent on its objections, either in the representative case or in the unfair labor case now under consideration, was arbitrary and capricious. Under the Board's rules, if objections raise substantial and material issues of fact an evidentiary hearing should be granted. Rockwell Mfg. Co., Kearney Div. v. N. L. R. B., *supra*.

We have studied the charges of the respondent made in its statement of Objections and in its response to the motion for Summary Judgment. We find that the statements are ambiguous based on hearsay and self serving declarations. They do not, in our judgment, allege facts which if proven would be cause for setting aside the election. Consequently we conclude that the Board did not abuse its discretion and that its order should be enforced.

Note: We have read the opinion of the Supreme Court in N.L.R.B. v. Savair Manufacturing Company, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495. The facts of the *Savair* case are not analogous to the facts of the instant case. The *Savair* case is clearly distinguishable on its facts from the case at bar. Its pronouncement therefore is not applicable to the within *Shawnee Plastics* case.