**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**S & S PRODUCT ENGINEERING SERVICES, INC., Respondent.**

**No. 74–2010.**

United States Court of Appeals, Sixth Circuit.

April 10, 1975.

Elliott Moore, Michael S. Winer, Deputy Associate Gen. Counsel, Laura Ross Blumfeld, Peter G. Nash, John S. Irving, Patrick H. Hardin, N. L. R. B., Washington, D. C., Bernard Gottfried, Director Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Robert J. Finkel, Levin, Levin, Garvett & Dill, Detroit, Mich., for respondent.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

McCREE, Circuit Judge.

The National Labor Relations Board has petitioned for enforcement of its order, reported at 210 NLRB No. 107, requiring respondent S & S Product Engineering Services, Inc. to bargain with the union.[1] The issue presented is whether a promise by a labor union to waive its initiation fee for all employees of the bargaining unit upon its election as the bargaining representative interferes with employee free choice in the election. We determine that under the circumstances in this election it does not interfere with the employees' free choice and enforce the order against respondent.

Following the filing of a representation petition by the union on March 9, 1973, the respondent and the union entered into a stipulation for certification upon consent election. Pursuant to the stipulation, an election was held on June

1. Local 985, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

14, 1973, and the union won by a vote of 19 to 10. The respondent contested the validity of the election asserting that a flyer distributed by the union to the employees before the election contained the promise of a waiver of initiation fees and that the promise impaired the employees' freedom of choice. The statement in the flyer is as follows:

### WHAT IS THE INITIATION FEE

The UAW Constitution says the fee can be no lower than $10.00 and no higher than $20.00.

As with all newly organized plants which vote to have the UAW represent them in collective bargaining, the initiation fee is waived and further you do not start paying dues, which is two hours pay per month, until you negotiate and approve an agreement. This will apply to all employees presently on the company payroll and eligible to vote on election day.

After considering the Regional Director's report and the respondent's exceptions, the NLRB certified the union.

After certification, respondent refused the Union's request to bargain on the ground that the election was improper. Upon respondent's refusal to bargain, the union filed an unfair labor practice charge and a complaint issued on October 4, 1973, alleging a refusal to bargain. The NLRB found that respondent violated Section 8(a)(5) and (1) of the National Labor Relations Act,[2] and ordered it to bargain with the union upon request.

In determining whether the waiver of initiation fees was improper, the Board considered the Supreme Court's recent decision in NLRB v. Savair Manufacturing Co., 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973) affirming 470 F.2d 305 (6th Cir. 1972). In *Savair*, the Court held that a labor union's offer to waive initiation fees for all employees who

signed union authorization cards before a certification election interfered with the employees' right to refrain from union activities—a right guaranteed by Section 7 of the Act. Further, the Court held that the waiver did not comport with the principle of "fair and free choice of bargaining representatives by employees" that is inherent in the principles reflected in Section 9(c)(1)(A). In distinguishing *Savair*, the NLRB said that the waiver of initiation fees in the S & S election was "not qualified by being available only to those joining the union prior to the election, but [was] available to those employees joining after the election." Accordingly, the Board determined that the election was fair and that the employer was obliged to bargain with the union.

■ We agree with the Board that *Savair* is distinguishable. We have said before that the waiver of initiation fees does not "in and of itself interfere with an employee's freedom of choice." NLRB v. Gafner Automotive & Machine, Inc., 400 F.2d 10, 12 (6th Cir. 1968), NLRB v. Gilmore Industries, Inc., 341 F.2d 240 (6th Cir. 1965). In *Gafner*, we upheld the Board's finding that a reduction of the initiation fee from $84 to $25 for a new group of employees was not coercive and was not improperly limited or conditioned in any way.

■ Our reading of *Savair* suggests that the Supreme Court was concerned with the coercive impact of a waiver of fees made available only to those employees pledging their support to the union before the election. The Court explained:

> Whatever his true intentions, an employee who signs a recognition slip prior to an election is indicating to other workers that he supports the Union. His outward manifestation of support must often serve as a useful campaign

---

2. Section 8(a)(1) and (5) provide:

"(a) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [§ 7];

\*  \*  \*  \*  \*  \*

"(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section [9(a)]." 29 U.S.C. § 158(a)(1) and (5).

tool in the Union's hands to convince other employees to vote for the Union, if only because many employees respect their co-workers' views on the unionization issue. By permitting the Union to offer to waive an initiation fee for those employees signing a recognition slip prior to the election, the Board allows the Union to buy endorsements and paint a false portrait of employee support during its election campaign.

414 U.S. at 277, 94 S.Ct. at 499.

In this case, as in *Gafner, supra,* the waiver was made applicable to all employees—not just those signing authorization cards before the election. The Supreme Court suggested, in dictum, that union interests could legitimately be served by offering the waiver to all employees.

> The lower courts have recognized that promising benefits or conferring benefits before representation elections may unduly influence the representational choices of employees where the offer is not across the board to all employees but, as here, only to those who sign up prior to the election. See, *e. g.,* NLRB v. Gorbea, Perez & Morell, 328 F.2d 679, 681–682 and nn. 6–7 (CA1 1964) (promise to waive initiation fee for those joining union prior to election, but not after, may substantially influence election); Amalgamated Clothing Workers v. NLRB, 2 Cir., 345 F.2d 264, 268–269 (Friendly, J., concurring) (improper to *waive fees* for those joining union immediately while indicating that this is foreclosed to those joining later).

414 U.S. at 279 n. 6, 94 S.Ct. at 500.

■ Accordingly, we follow the rule expressed in *Gafner* and join the Fourth and Eighth Circuits in holding that an across-the-board waiver of initiation fees to all employees of a bargaining unit does not impede the free choice of employees. *See* NLRB v. Wabash Transformer Corp., 509 F.2d 647 (8th Cir. Feb. 3, 1975), NLRB v. Stone & Thomas, 502 F.2d 957 (4th Cir. 1974).

The Board's order will be enforced.