NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CON–PAC, INC., Respondent.

No. 74–2546
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 6, 1975.

Rehearing Denied April 21, 1975.

Elliott Moore, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., Director, Region 15, N.L.R.B., New Orleans, La., for petitioner.

*Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Charles K. Reasonover, New Orleans, La., for respondent.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

The National Labor Relations Board seeks enforcement of its order against Con-Pac, Inc., requiring the Company to bargain with Local 270 of the General Truck Drivers, Chauffeurs, Warehousemen and Helpers Union upon the Union's request; to post appropriate notices of its recognition of, and willingness to bargain with, the Union as exclusive representative of all the employees in the bargaining unit; and to cease and desist from interfering in any related manner with the Company's employees in the exercise of their rights under Section 7 of the Act. We conclude that the Board's application for enforcement of its order should be granted.

## I. Development of the Dispute

On February 2, 1972, the Union won a consent election agreed to by the Company, which thereafter filed three timely objections to conduct on the part of the Union allegedly affecting the outcome of the election: "(1) the Union offered financial inducements to employees to influence their vote, including the waiver of initiation fees; (2) the Union appealed to employees on the basis of race .. .; and (3) the Union engaged in other objectionable acts, some of which constituted coercion and/or intimidation . .."

The Board's Regional Director considered the Company's objections, without a hearing, and found them all to be without merit. The Company sought review on the basis of the first objection only, asking that the Regional Director be reversed or that he be ordered to grant a hearing. The Board agreed with the Regional Director and certified the Union as collective bargaining agent.

Despite certification, the Company refused to bargain with the Union, prompting an unfair labor practice proceeding. In that proceeding the Company renewed its objection to the election and to the Regional Director's refusal to grant a hearing. The Board granted the General Counsel's motion for summary judgment, noting that the Company had offered nothing new to indicate any need for a hearing or any error in the Regional Director's original decision. A cease-and-desist order was issued and then reconsidered prior to any proceedings for enforcement in the Court of Appeals, in light of a supervening Supreme Court decision on waiver of initiation fees by unions seeking certification. N.L.R.B. v. Savair Mfg. Co., 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). The Board concluded that this decision did not affect the correctness of its action and reaffirmed its order.

## II. Issues on this Appeal

On this appeal, the company's contentions are: (A) the Regional Director or the Board should have granted a hearing in the representation and unfair labor practice proceedings, and the Board should have granted a hearing on its reconsideration of its order in light of the supervening Supreme Court decision; and (B) the Board erred in granting the certification on which the unfair labor practice charge is based, because the Union's offers of financial inducements to employees violated Section 8(c) of the Act, thus violating the employees' right to choose their bargaining representative freely under Section 9(c)(1)(A).

### A.

The Regional Director has discretion whether to hold a hearing or investigate a complaint administratively. 29 C.F.R. § 102.69(d). The Board itself has discretion to dispense with a hearing if the objecting party's exceptions to the Regional Director's findings and conclu-

sions "do not raise substantial and material issues with respect to the conduct or results of the election." 29 C.F.R. § 102.69(f). The Board also has discretion to modify or set aside an order at any time before filing the record of the case in the Court of Appeals for enforcement, so long as the interested parties are given "reasonable notice." 29 C.F.R. § 102.49.

■ There is no dispute that the Company was given notice of the Board's reconsideration of its order. The Company contends, however, that the regulation requires the Board to hold a hearing. The text of the regulation does not mention hearings, and the omission of any mention of a right to be heard must be taken to be deliberate.

■ In reviewing the decisions of the Regional Director and the Board to proceed administratively rather than by hearing in both the representation and unfair labor practice proceedings, it must be remembered that the Board has wide discretion in determining whether a certification election has been conducted properly. National Labor Relations Board v. A. J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 330, 91 L.Ed. 322 (1946); Neuhoff Bros. Packers, Inc. v. N.L.R.B., 5 Cir., 1966, 362 F.2d 611, 614; see generally N.L.R.B. v. Golden Age Beverage Co., 5 Cir., 1969, 415 F.2d 26, 29. "[T]he presumption is that ballots cast under the safeguards provided by the Board procedure reflect the true desires of the participating employees." N.L.R.B. v. Zelrich Co., 5 Cir., 1965, 344 F.2d 1011, 1015. The burden of establishing that pre-election conduct invalidated an election is on the party objecting to the election. National Labor Relations Board v. Mattison Machine Works, 365 U.S. 123, 123–124, 81 S.Ct. 434, 435, 5 L.Ed.2d 455 (1961); Bush Hog, Inc. v. N.L.R.B., 5 Cir., 1969, 420 F.2d 1266.

■ We need not determine whether circumstances might arise that, in conjunction with a waiver of fees and dues like that present here, would taint a cer-

tification election, or at least require a hearing by the Board or its Regional Director. In this case we hold that where, in both the representation proceedings and the unfair labor practice proceedings, the Company's only allegation of extenuating circumstances or improper conduct by the Union is the waiver of fees and dues for all employees in the bargaining unit, it is not an abuse of discretion to dispense with a hearing. See N.L.R.B. v. Shawnee Plastics, Inc., 6 Cir., 1974, 492 F.2d 869, 871.

B.

■ In N.L.R.B. v. Savair Mfg. Co., 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), the Supreme Court held that union waiver of initiation fees in return for employees' signatures on authorization cards violated the conditions of employee free choice that must be preserved for an N.L.R.B. certification election to be valid. Here, however, the Union simply stated that there would be no initiation fees at all, regardless of whether an employee signed an authorization card, and that there would be no dues until the employees had ratified a union contract. Because of this essential difference the conclusion reached in Savair is inappropriate here. In Savair, the Supreme Court strongly suggested that the confinement of the waiver of fees to employees who would sign authorization cards was the crucial flaw in the election:

The Board argues that unions have a valid interest in waiving the initiation fee when the union has not yet been chosen as a bargaining representative, because "employees otherwise sympathetic to the union might well have been reluctant to pay out money before the union had done anything for them. Waiver of the [initiation fees] would remove this artificial obstacle to their endorsement of the union." . . . While this union interest is legitimate, the Board's argument ignores the fact that this interest can be preserved as well by waiver of initiation fees available not only to those who have signed

up with the union before an election but also to those who join after the election. The limitation imposed by the union in this case—to those joining before the election—is necessary only because it serves the additional purpose of affecting the union organizational campaign and the election. 414 U.S. at 274 n. 4, 94 S.Ct. at 497 n. 4.

In the present case, no such limitation was imposed by the Union. Every employee, whether he signed a card or not, got the benefit of the Union's waiver of fees. Under these conditions, and absent any other extenuating circumstances or impropriety on the part of the Union, we believe the Board did not err in certifying the Union and ordering the Company to bargain with it. *Cf.* Fort Smith Outerwear, Inc. v. N.L.R.B., 8 Cir., 1974, 499 F.2d 223.

Enforcement granted.