**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BENNER GLASS COMPANY, Respondent.**

**No. 74–3501.**

United States Court of Appeals, Fifth Circuit.

June 16, 1975.

Rehearing and Rehearing En Banc Denied Sept. 23, 1975.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., David S. Fishback, N.L.R.B., Washington, D. C., for petitioner.

Allan P. Clark, Jacksonville, Fla., for respondent.

---

Before BELL, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Benner Glass Company refused to bargain with the Union[1] which had been certified by the Board as the exclusive bargaining representative of the Company's employees. The Board seeks to enforce its order requiring the Company to cease and desist from unfair labor practices, and affirmatively seeks to require the Company to bargain with the Union. The Company resists the Board's application for enforcement, contending that the Union engaged in coercive activity during the critical pre-election period, and further argues that the Union's pre-election offer to waive initiation fees voided the election and the Union's certification. We disagree and enforce.

■ We encounter no difficulty in concluding that the Company failed to carry its burden of proof to show by specific evidence "not only that unlawful acts occurred, but also that they interfered with the employees' exercise of free choice to such an extent that they materially affected the results of the election." N.L.R.B. v. Golden Age Beverage Co., 5 Cir. 1969, 415 F.2d 26, 30.

■ The Company, relying on N.L.R.B. v. Savair Manufacturing Co., 1973, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495, urges that it had no duty to bargain because the Union's pre-election offer to waive initiation fees nullified the employees' free choice in the election. The Union leaflet, issued the day before the election, stated, *inter alia,* that "dues would be $8.00 per month with no initiation fee. No dues will be paid until we have a contract signed by the Company and agreed by you, the members."

The Company's argument is foreclosed by our recent decision in N.L.R.B. v. Con-Pac, Inc., 5 Cir. 1975, 509 F.2d 270, in which Judge Ainsworth, as the Court's organ, speaking to this precise point said:

In N.L.R.B. v. Savair Mfg. Co., 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), the Supreme Court held that union waiver of initiation fees in return for employees' signatures on authorization cards violated the conditions of employee free choice that must be preserved for an N.L.R.B. certification election to be valid. Here, however, the Union simply stated that there would be no initiation fees at all, regardless of whether an employee signed an authorization card, and that there would be no dues until the employees had ratified a union contract. Because of this essential difference the conclusion reached in *Savair* is inappropriate here.

*Id.* at 272.

Enforcement granted.

---

1. Allied Services Division, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, AFL–CIO.