**THRIFT DRUG, a Division of J. C. Penney Company, Inc., Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 74-4223

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1975.

Robert Lewis, Victor Schachter, New York City, for petitioner.

John C. Truesdale, Executive Sec., N.L.R.B., Elliott Moore, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., Henry Shore, Regional Director, N.L.R.B., Pittsburgh, Pa., Charles M. Pascal, Jr., Regional Director, N.L.R.B., New Orleans, La., for respondent.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

In a representation election, a majority of the employees in a warehouse unit of Thrift Drug, a Division of J. C. Penney Company, Inc., voted to be represented by the Laborers' International Union of North America, Construction, General Laborers and Material Handlers Local Union No. 1058, AFL–CIO. The Company then filed the following objections with the Regional Director of the National Labor Relations Board: (1) the Union's pre-election offer to waive all employees' initiation fees and assessments constituted an unlawful inducement to employees (*NLRB v. Savair Mfg. Co.*, 1973, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495); (2) threats of physical violence so permeated the election atmosphere that the requisite laboratory

---

* Rule 18, 5 Cir. see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

conditions were destroyed; and (3) continual challenges of voters by a Board agent created confusion and chaos about the election.

After an investigation of the objections, during which both parties were afforded the opportunity to present evidence, the Regional Director found all three objections lacking in merit, and certified the Union. The company refused to bargain. The Regional Director then issued an unfair labor practice complaint against the Company, charging it with having violated Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The National Labor Relations Board granted the General Counsel's motion for a summary judgment and ordered the Company to bargain with the Union. 215 NLRB No. 51 (1974). The Company petitions this Court to review and set aside that order, or, alternatively, to remand for a full hearing on the Company's objections. The NLRB cross-petitions for enforcement of its order.

In *NLRB v. Con-Pac, Inc.,* 5 Cir. 1975, 509 F.2d 270, we held that the Board did not err in granting certification, because the unconditional nature of the union's waiver of initiation fees distinguished the case from *NLRB v. Savair Mfg. Co.,* in which the fee waiver was predicated upon the employee signing a union recognition slip before the election. Because the Union's waiver of about $350 of fees for each employee in the present case was unconditional, we again do not find the Board in error.

On the lack of hearing issue in *Con-Pac,* we stated:

We need not determine whether circumstances might arise that, in conjunction with a waiver of fees and dues like that present here, would taint a certification election, or at least require a hearing by the Board or its Regional Director. In this case we hold that where . . . the Company's only allegation of extenu-

ating circumstances or improper conduct by the Union is the waiver of fees and dues for all employees in the bargaining unit, it is not an abuse of discretion to dispense with a hearing. 509 F.2d at 272. We agree with the Regional Director that the disruption of the election alleged in objections (2) and (3) did not occur. There are, therefore, no additional "circumstances" as contemplated by the dictum in *Con-Pac.* The Company having offered no newly discovered or previously unavailable evidence, the Board properly refused to permit relitigation of issues previously decided in the representation proceeding.

We deny the Company's petition to remand for a full hearing by the Board. We grant enforcement of the Board's order.