### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### The JOHNSON AND HARDIN COMPANY, Respondent.

#### No. 76–1104.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1977.

Decided April 29, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, Aileen Armstrong, Edmund D. Cooke, Jr., N.L.R.B., Washington, D. C., for petitioner.

Gregory L. Hellrung, Dinsmore, Shohl, Coates & Deupree, Harold S. Freeman, Mi-

chael W. Hawkins, Cincinnati, Ohio, for respondent.

Thomas F. Phalen, Jr., Cincinnati, Ohio, for intervenors.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

This case is before the court on the petition of the National Labor Relations Board for enforcement of its bargaining order reported at 221 N.L.R.B. 379. Reference is made to the decision of the Board for a recitation of pertinent facts.

On June 25, 1974, the Union filed a representation election. petition seeking to represent a bargaining unit comprised of the Company's production and maintenance employees at its Cincinnati, Ohio, facility. At the election, 74 votes were cast for the Union, 64 were cast against the Union and 13 votes were challenged. Subsequently it was stipulated that the challenged voters were ineligible to vote and that their challenged ballots would not be opened or counted. The Company filed timely objections to misconduct on the part of the Union alleged to have affected the results of the election. After a hearing, all objections were overruled and the Union was certified as bargaining representative. When the Company refused to bargain, the Board granted the General Counsel's motion for summary judgment and issued a bargaining order.

Upon consideration, we conclude that the waiver of initiation fees by representatives of the Union in the manner revealed by the record in this case is forbidden by *N.L.R.B. v. Savair Manufacturing Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973).

The Board contends that *Savair* is not controlling, relying upon the decision of this court in *N.L.R.B. v. S & S Product Engineering Services, Inc.*, 513 F.2d 1311 (6th Cir. 1975). We reject this contention. There was sufficient confusion in the present case regarding the waiver of initiation fees to interfere with the employees'

free choice. The employees easily could have concluded that only those paying $10 and pledging their support to the Union before the election would be entitled to a waiver of initiation fees. It is not disputed that the Hearing Officer was correct in holding the employees soliciting and collecting the $10 amount were agents of the Union, at least for the purpose of carrying out their designated objectives.

We also agree with dissenting Board member Kennedy that the representations described in the Company's Objection 2:

. . . were material and substantial and could reasonably have been expected to have a significant impact upon the outcome of the election . . . and that the misrepresentations described in the Employer's second objection [are] sufficient to set aside the results of the election and to direct a second election.

Enforcement of the order of the Board is denied.