EUGENE A. WRIGHT, Circuit Judge:
The Board seeks enforcement of its order requiring two corporations (the Employers)to bargain in good faith with Hospital and Institutional Workers Local 250 (the Union). Enforcement is granted.
FACTS:
In November 1974 the Union won consent elections in identical units at two convalescent homes operated by the Employers. They filed timely objections claiming unlawful Union interference with a free and fair election and asked the Board to set it aside. The Board ordered an evidentiary hearing on one objection (waiver of initiation fees) and overruled the others without a hearing. An Administrative Law Judge heard the fee waiver objection and found it without merit. The Board agreed.
On July 22, 1976, the Board certified the Union as bargaining representative for employees at the homes. On August 10 the Employers refused to bargain. The Union charged them with unfair labor practices for refusing to bargain in violation of §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act. 29 U.S.C. § 151 et seq. The Board summarily issued a bargaining order.
DISCUSSION:
The Employers concede the refusal to bargain, but contend that the Board incorrectly overruled their objections to the certification election, which charged the Union with (a) making false promises of benefits and other material misrepresentations; (b) stuffing the ballot box; (c) coercing voters with threats and violence; and (d) offering to waive initiation fees in exchange for votes.
1. Propriety of Denying Evidentiary Hearings.
The Board overruled without a hearing all but the fee waiver objection. We shall upset that determination only if the Board abused its discretion. Alson Mfg. Aerospace Div. of Alson Industries v. NLRB, 523 F.2d 470, 471 (9th Cir. 1975); NLRB v. Sauk Valley Mfg. Co., Inc., 486 F.2d 1127, 1133 (9th Cir. 1973).
To obtain a hearing on the charge that the Union unlawfully promised benefits, the Employers had to make a prima facie showing of “campaign trickery . . . which *588 prevents [an] effective reply [and significantly affects] the election.” Hollywood Ceramics Co., Inc., 140 N.L.R.B. 221, 224 (1962).[1] See also NLRB v. Aaron Bros. Corp., 563 F.2d 409, 411 (9th Cir. 1977).
The Board found that the Union’s promises of benefits[2] were mere “puffing,” dependent upon “contingencies beyond a union’s control” and therefore less significant than if made by an employer. The Employers argued that the Union guaranteed increased benefits if it won the election. The record does not support that contention. Other objections to alleged Union misrepresentations were similarly overruled for want of support. We have reviewed the record and conclude that the Board did not abuse its discretion.
The Employers also assert that their charge of ballot box stuffing merited a hearing. An election observer recalled that, of 15 eligible voters, one named Smith and two others did not vote. Fifteen ballots were tallied, but two were cast by ineligible voters. The observer concluded, as the Employers alleged, that one person voted twice. Smith did vote so the number of votes cast corresponded to the number of eligible voters. Because the Employers could offer no other support for this objection, the Board correctly overruled it.
Finally, to obtain a hearing on the charge of alleged Union threats and violence, the Employers had to show that the Union’s misconduct interfered with free choice, for or against a bargaining representative. The Employers filed affidavits describing pre-election rumors of vandalism[3] but, because no employees had seen the alleged incidents or facts linking them to the Union, the Board denied an evidentiary hearing.
The Employers contend that their proof was adequate to require a hearing because the issue is not whether the evidence links the Union with the rumored incidents, but whether an atmosphere of intimidation existed at the time of the election. In Aaron Bros., however, we said that “activities . which are not attributable to the union itself are entitled to less weight” in determining whether a free election was possible. 563 F.2d at 412. More recently, we have stressed that “where the source of the questionable conduct is not the union or the employer, . . . the Board and the courts are especially hesitant to set aside an election.” NLRB v. Heath Tec Division, 566 F.2d 1367, 1372 (9th Cir. 1978).
The Board, considering the absence of facts linking the Union to the vandalism and threats, and the nature of the allegedly intimidating conduct, correctly held that the Employers had not made a showing sufficient to require a hearing.
2. The Fee Waiver Objection.
Because the Board granted a hearing on this objection and overruled it based on the findings of the Administrative Law Judge, we must determine whether that action is supported by substantial evidence on the record. 29 U.S.C. §§ 160(e) and (f); Universal Camera Corp. v. NLRB, 340 U.S. 474, 477-78, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
The Supreme Court has held that, where signed authorization cards are the basis for an election', a union may not promise initiation fee waivers to those who sign cards and withhold the waiver from others. *589 NLRB v. Savair Mfg. Co., 414 U.S. 270, 277-80, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). In dictum, the Court observed that a waiver available to all employees, whether supporting the union before or after an election, would not be objectionable. 414 U.S. at 272-74 n.4, 94 S.Ct. 495.
Other circuits have applied Savair to consent elections, holding that “an across-the-board waiver of initiation fees does not impede the free choice of employees.” Warner Press, Inc. v. NLRB, 525 F.2d 190, 196-97 (7th Cir. 1975), cert. denied, 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976); see NLRB v. Dunkirk Motor Inn, Inc., 524 F.2d 663, 665 (2d Cir. 1975); NLRB v. S & S Product Engineering Services, Inc., 513 F.2d 1311, 1312-13 (6th Cir. 1975); NLRB v. Wabash Transformer Corp., 509 F.2d 647, 649-50 (8th Cir. 1975); NLRB v. Con-Pac, Inc., 509 F.2d 270, 272-73 (5th Cir. 1975); NLRB v. Stone & Thomas, 502 F.2d 957 (4th Cir. 1974).
The record suggests that a waiver may have been promised, but not selectively.[4] Here, as in NLRB v. L. D. McFarland Co., 572 F.2d 256 at 259, (9th Cir. 1978) (rejecting a fee waiver objection in an authorization card context), “[t]he full record contains ample support for the Board’s conclusion that the nexus between pre-election support and waiver of initiation fees forbidden by Savair was absent.”
CONCLUSION:
The Board’s order to bargain was proper and we enforce it.

. The Board modified its Hollywood Ceramics test in Shopping Kart Food Market, Inc., 228 N.L.R.B. No. 190 (1977). Under the new rule, misrepresentations must constitute deceptive practices improperly involving the Board, e. g., the use of forged documents to disguise campaign propaganda. We need not consider whether the Board intended Shopping Kart to apply retroactively. Evidence that fails to meet the Hollywood Ceramics standard inevitably will not satisfy the narrower Shopping Kart test.

. The alleged promises were for better wages and benefits and more secure jobs.

. According to these rumors, garbage from one hospital was strewn on neighbors’ lawns, lights and windows at one hospital were damaged by BBs or rocks, and lights of employee automobiles at one hospital were turned on to cause battery failures. Affidavits of two employees who opposed the union described acts of vandalism to their cars.

. One employee testified that the Union promised a waiver, but it was unclear whether anything was demanded in exchange. The Union’s evidence indicated that the promised waiver would apply to all employees on the payroll when the contract was signed, an across-the-board promise that appears to meet the standard suggested in the Savair dictum. This record, given the evidentiary hearing, supports the Board’s decision to overrule the fee waiver objection.