**ARCADIAN SHORES, INC., d/b/a Myrtle Beach Hilton, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1717.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1978.

Decided July 10, 1978.

---

Board finding it guilty of an unfair labor practice for refusing to bargain with Hotel, Motel, Restaurant Employees and Bartenders International Union, Local 270 (Union), and directing it to bargain. The Board seeks enforcement.

Hotel does not dispute the fact that Union was certified as the employees' bargaining representative after it won a Board-supervised election conducted on July 22, 1976, and that Hotel refused to bargain with Union after the election and certification. Hotel's sole defense is to attack the appropriateness of the bargaining unit. The unit consists of Hotel's housekeeping, maintenance and bell stand employees, but excludes Hotel's food and beverage employees and its receiving clerks.

We grant enforcement.

## I.

Section 9(b) of the National Labor Relations Act, 29 U.S.C. § 159(b), grants to the Board the power to determine "the unit appropriate for the purposes of collective bargaining . . . ." The Supreme Court has long subscribed to the view that the Board is possessed of the widest possible discretion in determining the appropriate unit. "The issue as to what unit is appropriate for bargaining . . . involves of necessity a large measure of informed discretion, and the decision of the Board, if not final, is rarely to be disturbed." *Packard Motor Car Co. v. N.L.R.B.*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). *Accord, South Prairie Construction Co. v. Local No. 627, Int'l Union of Operating Engineers, AFL–CIO*, 425 U.S. 800, 805, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976). It is likewise well established that there may be more than one appropriate bargaining unit within the confines of a single employment unit and that the Board is free to select any one of these appropriate units as the bargaining unit. *Atlas Hotels, Inc., v. N.L.R.B.*, 519 F.2d 1330, 1334 (9 Cir. 1975); *N.L.*

Donald G. Mayhall, Atlanta, Ga. (Branch & Swann, Atlanta, Ga., Charles R. Brown, Greensboro, N. C., on brief), for petitioner.

Peter M. Bernstein, Atty., NLRB, Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, NLRB, Washington, D. C., on brief), for respondent.

Before WINTER and WIDENER, Circuit Judges, and THOMSEN,* District Judge.

WINTER, Circuit Judge:

The petition of Arcadian Shores, Inc., a South Carolina corporation doing business as the Myrtle Beach Hilton (Hotel), seeks to review and to set aside an order of the

* Roszel C. Thomsen, Senior United States District Judge for the District of Maryland, sitting by designation.

*R.B. v. Stone & Thomas*, 502 F.2d 957, 959 (4 Cir. 1974).

■ An employer who challenges a unit determination, therefore, has a heavy burden to convince a reviewing court that the bargaining unit selected is inappropriate. It must establish either that there exists no community of interests among the members of the unit selected or that the unit selected runs afoul of the congressional proscription against allowing the extent of union organization to control the determination of the bargaining unit. 29 U.S.C. § 159(c)(5).

## II.

■ Hotel contends that the most appropriate bargaining unit for a large integrated resort hotel is the entire non-supervisory work force (excluding some clerical personnel). Even if we were to agree with this contention, we would not be justified in disturbing the Board's decision that a smaller unit—one excluding food and beverage employees—is also appropriate. Surely, if there exists a community of interest among all the hotel's non-supervisory employees sufficient to support a bargaining unit, the same community of interest exists among members of the smaller representational unit. It is the employer's burden to convince us, not that another unit is more appropriate, but that the unit selected is utterly inappropriate. This, Hotel has failed to do.

## III.

■ Hotel also contends that the Board's determination transgressed § 9(c)(5) of the Act, 29 U.S.C. § 159(c)(5). That section provides that "[i]n determining whether a unit is appropriate . . . the extent to which the employees have organized shall not be controlling." In enacting this provision in 1947, Congress intended to "overrule Board decisions where the unit determined could *only* be supported on the basis of the extent of [union] organization . . . .." *N.L.R.B. v. Metropolitan Life Ins. Co.*, 380

U.S. 438, 441, 85 S.Ct. 1061, 1063, 13 L.Ed.2d 951 (1965) (emphasis added). "[B]oth the language and legislative history of § 9(c)(5) demonstrate that the provision was not intended to prohibit the Board from considering the extent of organization as one factor, though not the controlling factor, in its unit determination." Id. at 441–42, 85 S.Ct. at 1063.

Again, the burden rests with Hotel to establish that the extent of union organization was the *dominant* factor in the Board's determination of the bargaining unit. While admittedly there is evidence in the record to suggest that those employees excluded from the bargaining unit were substantially less pro-Union than those included in the unit, i. e., that Union lost a prior election in a stipulated unit which included all hotel employees, including food and beverage employees and receiving clerks, we do not believe that Hotel has carried its burden. We have held before that it is reasonable to exclude hotel restaurant employees from the bargaining unit because they perform separate and independent functions reducing the community of interest between them and the remaining hotel employees. *N.L.R.B. v. Hammonds*, 387 F.2d 646 (4 Cir. 1967). Because the exclusion in the instant case is almost identical to that in *Hammonds* and has a similar basis in reason, it cannot be said that the unit determination of the Board can "only be supported" by the extent of union organization.

*ENFORCEMENT GRANTED.*