**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALLEN'S I. G. A. FOODLINER, Respondent.**

**No. 78–1447.**

United States Court of Appeals, Sixth Circuit.

Sept. 30, 1980.

---

**2.** A different case would, of course, be presented if the defendants were given erroneous information in bad faith.

Elliott Moore, Deputy Associate Gen. Counsel, Paul Spielberg, Florence Smith, N.L.R.B., Washington, D.C., for the N.L.R.B.

Robert F. Houlihan, John W. Morgan, Lexington, Ky., for respondent.

Before KEITH and JONES, Circuit Judges, and LAMBROS, District Judge.*

## ORDER

This appeal is before the Court upon application of the National Labor Relations Board (NLRB), for enforcement of its Order of July 3, 1978, directing Allen's I.G.A. Foodliner to cease and desist from refusing to bargain with Amalgamated Meat Cutters and Butchers Workmen of North America, AFL–CIO, District Local 227. The Union had been certified as the employees' bargaining representative after a second election held on August 12, 1977, in which the vote was 46 to 32 in favor of the Union.

The first election, defeating the Union, had been set aside by the Board because of Union objections. The Board's Order to the Company to bargain with the Union is reported at 236 NLRB No. 166.

Two objections survive on appeal. First, the Company claims that a Board Agent's statement which was made during the second election violates Section 8(a)(5) and (1) of the National Labor Relations Act. The Board Agent said that, in her opinion, the Company and Union in Charleston were just putting on a show for the employees and that, in her opinion, "if the employees had been treated right she would not be there holding the election." The Company's observer stated that he did not know whether the Board Agent was referring to the Charleston election or the one in which they were engaged, but relates that he was under the impression that the Board Agent was referring to all elections. Second, the Company claims that the Union's promise of special benefits violates Section 8(a)(5) and (1). During the second election campaign, union agents told one employee that Kroger would soon open a large grocery store in the area and that if the Company were unionized she could transfer to a Kroger store without paying an initiation fee. Another Union representative told an employee that he would recommend the employee for a job at the new Kroger store if the employee wished. Union representatives told a third employee that she would be receiving $6.14 an hour if she were under the new Kroger contract, and that she could "transfer" from the Company to any Kroger store by paying $50 rather than the usual $100 fee.

This Court finds no violation of the NLRA by the Union. The Board's determination that the Board Agent's conduct did not prevent a fair election was well within its discretion. The Agent's comment to the Company observer was improper, but it was not prejudicial. The evidence establishes that no voters were present in the polling place at the time when the remark

---

* The Honorable Thomas D. Lambros, Judge, sitting by designation.

**596**

was made and that the incident took place at a time when most of the voters had cast their ballots. Also, there is no evidence in the record that the Agent's remark was relayed to any voter who had not yet cast his/her ballot. *See Abbott Laboratories, Ross Laboratories Division v. NLRB*, 540 F.2d 662, 665 n.1 (4th Cir. 1976); *Shorewood Manor*, 217 NLRB 1106, 1108 (1975). The Union's promises to employees were not special benefits which this Court has previously refused to allow. "It is not unlawful for a Union to promise to obtain a wage increase or other benefits if elected." *NLRB v. Gilmore Industries, Inc.*, 341 F.2d 240, 242 (6th Cir. 1965).

The Board's Order, directing Allen's I.G.A. Foodliner to cease and desist from refusing to bargain with the Union, is enforced in full.