**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONAL LABOR RELATIONS BOARD,
Petitioner,

v.

No. 98-1053

HEALTH MANAGEMENT ASSOCIATES OF
WEST VIRGINIA, INCORPORATED, d/b/a
Williamson Memorial Hospital,
Respondent.

HEALTH MANAGEMENT ASSOCIATES OF
WEST VIRGINIA, INCORPORATED, d/b/a
Williamson Memorial Hospital,
Petitioner,

No. 98-1106

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent.

On Application for Enforcement and Cross-Petition
for Review of an Order of the
National Labor Relations Board.
(9-CA-35293)

Argued: January 28, 1999

Decided: March 11, 1999

Before WILKINS and KING, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Enforcement granted by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alex V. Barbour, BATES, MECKLER, BULGER & TILSON, Chicago, Illinois, for Health Management. Fred B. Jacob, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Board. **ON BRIEF:** Brian W. Bulger, Grett G. Rawitz, BATES, MECKLER, BULGER & TILSON, Chicago, Illinois, for Health Management. Frederick L. Feinstein, Acting General Counsel, Linda Sher, Associate General Counsel, John D. Burgoyne, Acting Deputy Associate General Counsel, Fred L. Cornnell, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Board.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The National Labor Relations Board (the Board) petitions for enforcement of a Board order finding that Health Management Associates of West Virginia, Inc., d/b/a Williamson Memorial Hospital (the Hospital) committed unfair labor practices in refusing to bargain with the United Mine Workers of America (the Union). The Hospital cross-petitions for review of that order. The petition for enforcement is granted.

I.

The Hospital is an acute care facility with two off-site clinics. The current dispute began when the Hospital refused to agree to a union representation election for a proposed bargaining unit consisting of

2

nonprofessional employees but not including business office clerical employees (BOCs). Following a hearing to determine the appropriate bargaining unit, the Regional Director concluded that the Hospital had failed to demonstrate extraordinary circumstances that would preclude application of the general Board rule that BOCs may constitute a separate bargaining unit in acute care hospitals. See 29 C.F.R. § 103.30(a) (1998). The Regional Director therefore ordered an election among the employees of the proposed bargaining unit, and the Board denied the Hospital's request for review of the Regional Director's decision. In the subsequent representation election, unit employees voted in favor of union representation. The Regional Director therefore certified the Union as the unit employees' collective-bargaining representative.

When the Hospital refused the Union's request to bargain, the Union filed a charge with the Board alleging violations of the National Labor Relations Act. See 29 U.S.C.A. § 158(a)(1), (5) (West 1998). The Board's General Counsel issued a complaint based on that charge. In its answer, the Hospital admitted that it had refused to bargain but contested the appropriateness of the Board's unit determination. The General Counsel then transferred the proceedings to the Board, which granted summary judgment against the Hospital. The Board's order requires the Hospital, inter alia , to cease and desist refusing to bargain with the Union.

II.

The Hospital argues that the Board abused its discretion in certifying the Union as the exclusive bargaining representative of the unit described. We disagree.

The Board enjoys "the widest possible discretion" in selecting appropriate bargaining units. Arcadian Shores, Inc. v. NLRB, 580 F.2d 118, 119 (4th Cir. 1978). Here, we conclude that the Board was well within its discretion in determining that the Hospital failed to establish extraordinary circumstances that would have justified a departure from the general rule. Accordingly, we grant enforcement of the Board's order.

ENFORCEMENT GRANTED