Merced HERNANDEZ–RIVERA and
Carlota Garcia–Vasquez, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 78–3556.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 1980.

Decided Oct. 23, 1980.

Fransisco J. Barba, Immigration Law Unit, San Francisco, Cal., for petitioners.

Lauri Steven Filppu, Atty., I.&N.S., Washington, D. C., argued for respondent; Eric A. Fisher, Dept. of Justice, Washington, D. C., on brief.

Before KENNEDY, SKOPIL and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Petitioners seek review of an order of the Board of Immigration Appeals (hereinafter referred to as the "Board") dismissing their appeal of an Immigration Judge's order denying their request for 15 months voluntary departure time. The Board dismissed the appeal on two separate grounds: (1) The appeal was not timely filed; (2) The Board has no jurisdiction under 8 C.F.R. § 3.1(b)(2) (1979) to review the denial of a greater period of voluntary departure time than that fixed by the immigration judge.

For the reasons discussed below, we have concluded that under these facts the appeal to the Board must be deemed to have been timely filed, but the appeal was properly dismissed under 8 C.F.R. § 3.1(b)(2). We find that the remaining issues raised by petitioners are without merit, and accordingly dismiss their petition.

*TIMELINESS OF THE APPEAL TO THE BOARD OF IMMIGRATION APPEALS*

The deportation hearings were held on March 16, 1978. At the close of the proceedings the immigration judge orally notified Francisco J. Barba, counsel for the petitioners, that he had ten days from that date to appeal. In a letter dated March 24, 1978, Mr. Barba advised the immigration judge that he was planning to file an appeal but had been unable to contact his clients "in order to obtain the money needed for the appeal within the required 10 days." Mr. Barba then requested a 15–day extension "to obtain the money with which to file this meritorious appeal."

On March 27, 1978 the immigration judge granted this request by writing "Extension Granted" across the foot of Mr. Barba's letter.

In the brief filed with the Board, Mr. Barba raised the following issues:

1. The immigration judge abused his discretion in denying petitioners' application for an extended voluntary departure.

2. The deportation of petitioners would be cruel and unusual punishment.

3. The threatened deportation of petitioners will result in the "de facto expulsion" of their citizen children without due process.

The Board contended that it was required to dismiss the appeal as not timely filed. As a separate basis for its action the Board stated that it was "without jurisdiction to consider the issues [petitioners] attempt to raise on appeal. It is within the province of the courts, and not the Board, to rule on the constitutionality of the statutes we administer." The Board also noted that 8 C.F.R. § 3.1(b)(2) specifically prevented it from reviewing alleged errors in the amount of voluntary departure time granted by an immigration judge.

Section 242.21 of Title 8 of the Code of Federal Regulations provides in pertinent part that "an appeal shall be taken within 10 days after . . . the stating of an oral decision. . . ." The notice of appeal was not filed by Mr. Barba until March 31, 1978, more than ten days following the oral decision of the immigration judge pronounced on March 16, 1978. However, the notice of appeal was filed within the additional time period granted by the immigration judge.

■ The rules do not expressly authorize an immigration judge to extend the time to file a notice of appeal. Ordinarily the time limit within which to file a notice of appeal is considered to be "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). The purpose of the rule cutting off the right to appeal after the lapse of the specified time is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of appellant's demands." *Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943).

■ Despite the note of finality sounded by this principle, it is not inflexible. Under certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits. *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

In *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., supra,* petitioner's trial counsel, within the time prescribed for filing a notice of appeal under former Federal Rule of Civil Procedure 73(a), requested an extension of time within which to appeal based on his inability to communicate with the attorney who had been delegated sole responsibility for decisions as to appeal in the case. The District Court, treating this as a motion based upon a showing of excusable neglect, granted the motion. Notice of appeal was filed within the time set by the District Court but beyond the time limit set forth by Rule 73(a). The Court of Appeals dismissed the appeal as untimely, based on its determination that the record failed to show excusable neglect as the result of a failure of a *party* to learn of the entry of the judgment as required by Rule 73(a). The Supreme Court, noting the obvious hardship to a party who relies on the District Court's finding of excusable neglect

and as a result fails to file his notice of appeal within the prescribed time, reversed and remanded for a hearing on the merits, declaring "[w]hatever the proper result as an initial matter . . . the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." 371 U.S. at 217, 83 S.Ct. at 285.

In *Thompson v. Immigration and Naturalization Service, supra,* a litigant filed several post–trial motions, mistakenly believing they were timely filed. The Government raised no objection to the timeliness of the motions, and the trial court specifically stated that the motions were made "in ample time." Because the post–trial motions had not in fact been timely made, however, they did not serve to extend the time to appeal beyond 60 days of the original entry of judgment by the District Court. In reliance on the District Court's characterization of his motions as timely filed, the appellant failed to file his notice of appeal within 60 days of the original entry of judgment by the District Court, although it was filed within 60 days of the Court's rulings on his post–trial motions. The Court of Appeals dismissed the appeal as untimely. The Supreme Court reversed, however, and remanded the case to be heard on its merits. In so doing, the Court analyzed the question as follows:

> "[Petitioner] relied . . . on the District Court's explicit statement that the motion for a new trial was made 'in ample time'; for if any question had been raised about the timeliness of the motions at that juncture, petitioner could have, and presumably would have, filed the appeal within 60 days of the entry of the original judgment, rather than waiting, as he did, until after the trial court had disposed of the post–trial motions.

· · · · ·

The instant case fits squarely within the letter and spirit of *Harris.* Here, as there, petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the district court concluded that the act had

been properly done. Here, as there, petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline. And here, as there, the Court of Appeals concluded that the District Court had erred and dismissed the appeal. Accordingly, in view of these 'unique circumstances', we grant the writ of certiorari, vacate the judgment, and remand the case to the Court of Appeals so that petitioner's appeal may be heard on the merits." 375 U.S. at 386–87, 84 S.Ct. at 398 [citation omitted].

■ While we recognize that *Harris* and *Thompson* dealt with extending the time for appeal under former Federal Rule of Civil Procedure 73(a), (predecessor of Fed. R.App.P. 4a) the principles articulated there are fully applicable to the present case. In each case, counsel for the appellant was lulled into the false sense of security that he could delay filing the notice of appeal until after the time prescribed by the applicable rules because of the extension of time granted by the court. In each case, the appellant was misled by the words or conduct of the trial court into believing that the time for appeal was extended beyond that prescribed by the applicable rules. *See Motteler v. J. A. Jones Construction Company*, 447 F.2d 954 (7th Cir. 1971); *See also Pierre v. Jordan*, 333 F.2d 951 (9th Cir. 1964) *cert. denied*, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965); 9 J. Moore *Federal Practice*, 91204.12[2] (3rd Ed. 1980). In such unique circumstances, where there has been official misleading as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional time limits. *See also Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028, 1032 n.9 (9th Cir. 1979); *People v. Martin*, 60 Cal.2d 615, 618–19, 35 Cal.Rptr. 769, 387 P.2d 585 (1963); *Hollister Convalescent Hospital, Inc. v. Rico*, 15 Cal.3d 660, 674, 125 Cal.Rptr. 757, 542 P.2d 1349 (1975).

The appeal should not have been dismissed as untimely.[1]

## ISSUES ON APPEAL TO THIS COURT

Petitioners seek reversal of the immigration judge's order on the following grounds:

1. The denial of the request for 15 months voluntary departure was an abuse of discretion.

2. Not allowing minor United States citizens the right to petition for their parents' admission to the United States is a denial of equal protection of law.

3. Deportation of the petitioners would be cruel and unusual punishment.

4. Deportation of the petitioners would result in the *de facto* exclusion of their children despite the fact that they are United States citizens.

Petitioners raised these same issues in their appeal to the Board; however, the Board held that under 8 C.F.R. § 3.1(b)(2) it had no jurisdiction to consider them.

## DISCUSSION

*Propriety of the Board's Dismissal of the Appeal Under 8 C.F.R. Section 3.1(b)(2)*

■ In relevant part, 8 C.F.R. § 3.1(b)(2) provides that the Board has no jurisdiction to consider an appeal from an order granting voluntary departure "if the sole ground of appeal is that a greater period of departure time should have been fixed." The Board correctly noted that it had no jurisdiction to adjudicate the constitutional issues raised by the petitioners; that task is within the exclusive province of the federal courts. *See, Johnson v. Robison*, 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389 (1974). Because the Board had no jurisdiction to rule on these constitutional issues, the sole issue remaining before it was the denial of the requested voluntary departure time. Under these circumstances, however, Section 3.1(b)(2) pre-

---

1. Our determination that the notice of appeal must be deemed to have been timely filed makes moot petitioners' contention that the dismissal of his appeal by the Board violated due process in that (1) petitioners did not re-

ceive prior notice of the alleged lack of jurisdiction, and (2) the appeal was *dismissed* on grounds not raised in the briefs filed by counsel.

cluded the Board from ruling on this remaining issue. Thus, the Board had no jurisdiction to rule on any of the issues raised by petitioners; it therefore properly dismissed petitioners' appeal.

## THE CONSTITUTIONAL CHALLENGES

The remaining issues raised by petitioners require little discussion.

██ 1. The granting of *any* voluntary departure time is within the discretion of the immigration judge. 8 C.F.R. § 244.1 (1979). The decision as to how much time is in fact given for voluntary departure is also within the discretion of the immigration judge. *Lad v. Immigration & Naturalization Service*, 539 F.2d 808, 810 (1st Cir. 1976). The exercise of this authority must be upheld unless there is an abuse of discretion. *Antolos v. Immigration & Naturalization Service*, 402 F.2d 463, 464 (9th Cir. 1968).

██ Petitioners argue that it was an abuse of discretion to deny them a longer period of time for their voluntary departure because there were no unfavorable factors in petitioners' case that weighed against the granting of the time requested. This contention is without merit. No abuse of discretion appears from the record before us. The immigration judge, after considering the absence of unfavorable circumstances, exercised his discretion to grant a three month voluntary departure time. No facts were presented to the immigration judge to support petitioners' request for a longer period of time. The only reason given the trial court for a 15 month extended voluntary departure was the need for time to prosecute this appeal. The time granted by the immigration judge accomplished this purpose.

██ Petitioners' contention that minor citizen children are denied equal protection of the laws because they cannot petition for their parents' admission into the United States, while persons over the age of 21 may do so, has been repeatedly rejected. *Rubio de Cachu v. Immigration & Naturalization Service*, 568 F.2d 625, 627 (9th Cir.

1977). The purpose of the age requirement is to prevent wholesale circumvention of the immigration laws by persons who enter the country illegally and promptly have children to avoid deportation. *Urbano de Malaluan v. Immigration & Naturalization Service*, 577 F.2d 589, 594 (9th Cir. 1978).

██ Petitioners' argument that the deportation is cruel and unusual punishment in violation of the Eighth Amendment has also been rejected by this circuit. *Le Tourneur v. Immigration & Naturalization Service*, 538 F.2d 1368, 1370 (9th Cir. 1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977).

[11] It is true, as argued by petitioners, that the deportation of alien parents results in the de facto deportation of their minor citizen children. This consideration alone does not make the deportation of the parents illegal. An alien cannot gain favored status merely because he or she has a child who is a United States citizen. *Wang v. Immigration & Naturalization Service*, 622 F.2d 1341, 1348 (9th Cir. 1980) (en banc); *Urbano de Malaluan v. Immigration & Naturalization Service, supra*, at 594. As stated in *Gonzales–Cuevas v. Immigration & Naturalization Service*, 515 F.2d 1222 at page 1224 (5th Cir. 1975): "Petitioners, who illegally remained in the United States for the occasion of the birth of their citizen children, cannot thus gain favored status over those aliens who comply with the immigration laws of this nation. Any ruling which had this effect would stand those statutes on their heads."

The Board's order of dismissal is affirmed.