891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nemecio ESCORCIA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Nemecio Escorcia-Garcia ("Garcia"), a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals' ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") order of deportation. The BIA dismissed Garcia's appeal and his subsequent motion to reopen due to his failure to file a timely notice of appeal with the Office of the Immigration Judge. We reverse and remand.
 
 DISCUSSION
 
 3
 On July 18, 1988, the IJ found that Garcia was deportable and denied his application for a waiver pursuant to section 212(c) of the Immigration and Nationality Act. Garcia was given until July 28, 1988, to file an appeal to the BIA. On July 28, 1988, Garcia submitted a I-290A Notice of Appeal Form and the $110.00 filing fee to the Immigration and Naturalization Service ("INS") district office in Los Angeles, California. Garcia did not, however, file a notice of appeal with the Office of the Immigration Judge until September 7, 1988.
 
 
 4
 The BIA dismissed both Garcia's appeal from the IJ's order of deportation and his subsequent motion to reopen due to his failure to file a timely notice of appeal with the Office of the Immigration Judge, as specifically required by 8 C.F.R. § 3.36(b). Garcia argues it was an abuse of discretion to deny his motion to reopen in light of 8 C.F.R. § 3.3(a), which provides that the Notice of Appeal Form I-290A may be filed "with the Service office or Office of the Immigration Judge having administrative jurisdiction over the case." (Emphasis added.) Form I-290A also states that the "notice of appeal, in triplicate, with the required fee, must be submitted to the Immigration and Naturalization Service office where the case is pending."
 
 
 5
 Despite the apparent inconsistencies regarding the place to file a notice of appeal, 8 C.F.R. § 3.36(b) is authority for the BIA's conclusion that Garcia's appeal filed with the Office of the Immigration Judge was untimely. Nevertheless, "[u]nder certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits." Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980). For instance, where an appellant is "lulled into a false sense of security" by officials as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional time limits. Id. at 1355.
 
 
 6
 In light of the inconsistencies as to the place of filing and the fact the INS district office accepted both the I-290A Form and the filing fee within the ten-day appeal period,[1] Garcia was lulled into believing he had timely filed his appeal in the appropriate place. Therefore, the "unique circumstances" doctrine applies and thus the appeal should not have been dismissed as untimely. Accordingly, the case is remanded to the BIA for a determination as to the merits of Garcia's appeal from the IJ's order of deportation.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We also note that David Dixon, Appellate Counsel for the INS, sent a memorandum to the chairmen of the BIA prior to the BIA's dismissal of Garcia's motion to reopen suggesting that it reopen the case and remand for consideration of section 212(c) relief