992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miklos Csoka LASZLO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70083.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miklos Csoka Laszlo petitions for review of the Board of Immigration Appeals' (B.I.A.) order dismissing his appeal as untimely. We have jurisdiction under 8 U.S.C. § 1105a(a), and we affirm.
 
 
 3
 Immigration and Naturalization Service regulations require that an appeal from the Immigration Judge's decision to the B.I.A. must be taken within 10 days. 8 C.F.R. § 242.21. The time to file a notice of appeal is mandatory and jurisdictional. Hernandez-Rivera v. I.N.S., 630 F.2d 1352, 1354 (9th Cir.1980). The Immigration Judge rendered his decision on June 2, 1992. Petitioner filed his notice of appeal to the B.I.A. on December 29, 1992, well in excess of ten days from the Immigration Judge's decision. Consequently, the notice of appeal was untimely, and the B.I.A. properly dismissed his appeal.[1]
 
 
 4
 Because this court finds that petitioner's notice of appeal to the B.I.A. was untimely, and that the B.I.A. properly dismissed his appeal, we shall address petitioner's remaining claims in a summary fashion.
 
 
 5
 Petitioner contends that this court should review the constitutionality of convictions used by the Immigration and Naturalization Service to support his deportation. We reject this contention. A conviction may not be collaterally challenged in the context of a deportation proceeding.[2] See Avila-Murrieta v. I.N.S., 762 F.2d 733, 736 (9th Cir.1985).
 
 
 6
 Petitioner contends that a plea entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), is similar to a plea of nolo contendere and is therefore inadmissable in a deportation proceeding under Fed.R.Crim.P. 11. We reject this contention. See Ruis-Rubio v. I.N.S., 380 F.2d 29, 29 (9th Cir.), cert. denied, 389 U.S. 944 (1967); Tseung Chu v. Cornell, 247 F.2d 929 (9th Cir.), cert. denied, 355 U.S. 892 (1957).
 
 
 7
 Petitioner contends that he had a right to appointed counsel in a deportation proceeding, or in the alternative, to be advised of his rights under 8 U.S.C. § 1182(h)(1)(B).[3] We reject these contentions. There is no right to appointed counsel at government expense in a deportation proceeding.[4] See 8 U.S.C. § 1252(b)(2); Castro-O'Ryan v. I.N.S., 847 F.2d 1307 (9th Cir.1988); Van Diijk v. I.N.S., 440 F.2d 798, 799 (9th Cir.1971). The Immigration Judge informed petitioner in detail of his rights under 8 U.S.C. § 212(c). Petitioner presented no evidence during the deportation proceeding regarding family members who are citizens.[5] Therefore, there was no reason for the Immigration Judge to inform petitioner of his "apparent eligibility" for certain remedial provisions. See 8 U.S.C. § 1182(i); 8 C.F.R. § 242.17(a); United States v. Barraza-Leon, 575 F.2d 218, 212-22 (9th Cir.1978).
 
 
 8
 Because the B.I.A. properly dismissed petitioner's appeal as untimely, and because the petition for review raises no meritorious issues, the B.I.A. order dismissing the appeal is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner filed a motion to file a late appeal with the B.I.A. While, "under some unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limit," (citation omitted), Hernandez-Rivera, 630 F.2d at 1354, the lack of qualified inmate legal assistance is not such a circumstance. See Malone v. Avenenti, 850 F.2d 569, 573 (9th Cir.1988). Accordingly, the B.I.A. properly denied the motion for an extension of time in which to file a notice of appeal
 
 
 [2]
 If petitioner successfully challenges in a direct appeal or habeas corpus proceeding the convictions used by the I.N.S. to support deportation, he may file a motion to reopen before the B.I.A. See Wiedersperg v. I.N.S., 896 F.2d 1179 (9th Cir.1987)
 
 
 [3]
 Section 1182(h)(1)(B) only applies to a single offense of possession of 30 grams or less of marijuana. The I.N.S. adduced no convictions for drug offenses to support deportation. Rather, the I.N.S. produced evidence of prior convictions for fraud. Accordingly, 8 U.S.C. § 1182(i) is the relevant provision
 
 
 [4]
 The Immigration Judge provided petitioner with the names of legal services agencies and programs where he could attempt to obtain counsel, and in an exemplary manner reminded petitioner throughout the proceedings of his right to have counsel. Petitioner insisted on proceeding pro se
 
 
 [5]
 Petitioner claims that his confinement in state prison placed a substantial restriction on his ability to obtain proof that he was married to a United States citizen and the father of United States citizens. The I.N.S. issued its order to show cause in December 1990 and the Immigration Judge did not render his decision until June 1992. We find that 18 months is ample time to obtain documentation of his relationship to United States citizens