21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tomas Antonio SEVILLA-CASTILLO, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70676.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Antonio Sevilla-Castillo, a native and citizen of Nicaragua, petitions for review of the Immigration Judge's ("IJ") decision granting him voluntary departure and stating that Sevilla-Castillo had waived his right to appeal but remaining silent as to Sevilla-Castillo's application for asylum and withholding of deportation. We dismiss for lack of jurisdiction.
 
 
 3
 * Background
 
 
 4
 On January 21, 1991, Sevilla-Castillo was charged with being deportable as a non-immigrant alien who had remained in the United States longer than permitted.
 
 
 5
 Sevilla-Castillo conceded deportability, but filed an application for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158 & 1253(h). In the alternative, Sevilla-Castillo sought voluntary departure pursuant to 8 U.S.C. Sec. 1254(e).
 
 
 6
 On November 12, 1991, Sevilla-Castillo was scheduled to appear at an asylum application hearing before an IJ. Sevilla-Castillo's attorney appeared but Sevilla-Castillo did not. The IJ held the hearing in absentia and denied Sevilla-Castillo's request for asylum and withholding of deportation and found him deportable. Sevilla-Castillo appealed to the Board of Immigration Appeals ("BIA"), claiming that he had had car trouble on the way to the hearing. The BIA held that Sevilla-Castillo had shown "reasonable cause" for his failure to appear at the asylum hearing and remanded the case to the IJ for further proceedings.
 
 
 7
 On August 12, 1992, Sevilla-Castillo appeared pro se before the IJ. The IJ issued a form order finding that Sevilla-Castillo had "made application solely for voluntary departure in lieu of deportation." The IJ granted him voluntary departure and indicated on the form that Sevilla-Castillo had waived his right to appeal. Sevilla-Castillo's original application for asylum was stamped "WITHDRAWN" and stamped dated "August 12, 1992." No transcript of the August 12, 1992 hearing was prepared, and the INS notes in its brief that "a search by the Executive Office for Immigration Review ... [failed] to locate an audio tape cassette for the August 12, 1992 hearing."
 
 
 8
 Sevilla-Castillo filed no appeal with the BIA from the IJ's decision. On August 12, 1993, Sevilla-Castillo filed this petition for review. On petition for review, Sevilla-Castillo contends that the IJ erred by failing to consider his asylum application and by finding that Sevilla-Castillo had waived his right to appeal.
 
 
 9
 The INS contends that we lack jurisdiction to consider this petition because (1) Sevilla-Castillo failed to exhaust his administrative remedies by filing an appeal with the BIA and (2) the petition is untimely.
 
 II
 Analysis
 
 10
 A. Failure to Exhaust Administrative Remedies
 
 
 11
 Section 1105a(a) of Title 8 establishes a petition for review in a Court of Appeals as the exclusive procedure for "judicial review of all final orders of deportation." 8 U.S.C. Sec. 1105a(a). A final order of deportation, however, "shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws." 8 U.S.C. Sec. 1105a(c).
 
 
 12
 "When a statute requires exhaustion, a petitioner's failure to do so deprives the court of jurisdiction." Saulsbury Orchards & Almond Processing, Inc. v. Yeutter, 917 F.2d 1190, 1194 (9th Cir.1990) (quotations omitted); Vargas v. INS, 831 F.2d 906, 907 (9th Cir.1987) ("[a]bsent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order").
 
 
 13
 Thus, in the immigration context, exhaustion requires that all issues raised by the alien in his or her petition for review be raised with the BIA first. See Vargas, 831 F.2d at 907-08. An alien may, however, raise unexhausted claims if the issues challenge due process and do not involve a procedural error which the BIA could correct. Id. at 908.
 
 
 14
 Here, Sevilla-Castillo contends that the IJ waived his right to appeal without Sevilla-Castillo's knowledge or consent and that the IJ failed to consider his asylum application. These claims arguably challenge the due process which Sevilla-Castillo received at the hearing. Nevertheless, because these alleged due process errors were procedural and correctable by the BIA, Sevilla-Castillo is precluded from raising them in his petition for review. See id. at 907-08; 8 U.S.C. Sec. 1105a(c). Thus, we lack jurisdiction to consider Sevilla-Castillo's claims.
 
 
 15
 B. Untimely Petition for Review.
 
 
 16
 Generally, a petition for review must be filed "not later than 90 days after the issuance of a final deportation order." 8 U.S.C. Sec. 1105a(a)(1). "Ordinarily the time limit within which to file a notice of appeal is considered to be mandatory and jurisdictional." Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980) (quotations omitted). In unique circumstances, however, the court may consider untimely appeals. See id.; In re Slimick, 928 F.2d 304, 309-310 (9th Cir.1990).
 
 
 17
 Here, Sevilla-Castillo offers no explanation for his failure to file a timely petition. Accordingly, we also decline to entertain his petition on this ground.
 
 C. Stay of Mandate
 
 18
 As the INS observes in its brief, the proper course of action is for Sevilla-Castillo to file a motion to reopen raising his claims before the BIA. See Roque-Carranza v. INS, 778 F.2d 1373, 1378 (9th Cir.1985); Matter of Lozada, 19 I & N Dec. 637 (BIA1988).
 
 
 19
 In exercise of our discretion, we stay our mandate for sixty days from the filing of this memorandum to allow Sevilla-Castillo the opportunity to file a motion to reopen with the BIA. Within fourteen days of the expiration of this period, each party shall file a status report. If Sevilla-Castillo files a motion to reopen, the mandate will be stayed further for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza, 778 F.2d at 1374. If Sevilla-Castillo fails to file a motion to reopen within the 60-day period or fails to file a timely status report, the mandate may issue without further notice.
 
 
 20
 PETITION FOR REVIEW DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3