51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sakserm NAKARANURACK, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70190.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sakserm Nakaranurack, a native and citizen of Thailand, appeals the Board of Immigrations Appeals' ("BIA") dismissal as untimely of his appeal of the decision of the Immigration Judge ("IJ") denying his application for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Montes v. Thronburgh, 919 F.2d 531, 534 (9th Cir.1990). We deny the petition for review.
 
 
 3
 Nakaranurack contends that the BIA erred by dismissing his appeal as untimely because the untimeliness of the appeal was the fault of his prior attorney.
 
 
 4
 Section 242.21 of Title 8 of the Code of Federal Regulation provides in pertinent part that "[a]n appeal shall be taken within 10 days after ... the stating of an oral decision" by the IJ. 8 C.F.R. Sec. 242.21. Ordinarily, this time limit is mandatory and jurisdictional. See Vlaicu v. INS, 998 F.2d 758, 759 (9th Cir.1993) (citing Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980)). "Nevertheless, in unique circumstances, if a party is misled by the words or conduct of the court, an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal." Id. (quotations omitted).[1]
 
 
 5
 Here, the IJ's oral decision and order was entered on January 30, 1991. On the same day, Nakaranurack was notified that the time requirement for filing a notice of appeal with the BIA was established to be no later than February 11, 1991. Nakaranurack filed his appeal on February 14, 1991, three days after the time-limit had elapsed. Accordingly, the BIA did not err by dismissing Nakaranurack's appeal as untimely. See id.
 
 
 6
 Although Nakaranurack concedes that the appeal was untimely, he argues that the untimeliness should be excused because it was the result of egregious conduct by his prior attorney. We decline to consider this argument because Nakaranurack's proper remedy lies in filing a motion to reopen and presenting this claim to the BIA in the first instance. See Roque-Carranza v. INS, 778 F.2d 1373, 1378 (9th Cir.1985); Matter of Lozada, 19 I. & N.Dec. 637 (BIA1988); see also Motta v. District Director, INS, 869 F.Supp. 80, 94-97 (D.Mass.1994) (court found that failure of alien's counsel to file timely appeal could result in claim for ineffective assistance of counsel under fifth amendment where BIA dismissed appeal as untimely and alien was statutorily eligible for discretionary relief).
 
 
 7
 Accordingly, the petition for review is denied and the decision of the BIA is affirmed. In exercise of our discretion, we stay our mandate for 60 days from the filing of this memorandum to allow Nakaranurack the opportunity to file a motion to reopen with the BIA. Within fourteen days of the expiration of this period, each party shall file a status report. If Nakaranurack files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza, 778 F.2d at 1374. If Nakaranurack fails to file a motion to reopen within the 60-day period or fails to file a timely status report, the mandate may issue without further notice.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA occasionally avoids an untimeliness problem by dismissing an untimely appeal and accepting the case on certification under 8 C.F.R. Sec. 3.1(c). See Vlaicu, 998 F.2d at 759. The decision to certify an appeal rests with the BIA's discretion. See id.; 8 C.F.R. Sec. 3.1(c) ("the Board may in any care arising under paragraph (b) of this section require certification of such case to the Board.") Here, however, the record reveals that the petitioners never sought certification by the BIA. We reject Nakaranurack's contention that the BIA abused its discretion by failing to construe his untimely notice of appeal as a motion for certification under 8 C.F.R. Sec. 3.1(c)