67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dimitre DIMITROV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70114.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.*
Decided Sept. 20, 1995.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On May 13, 1991, the Immigration and Naturalization Service (INS) charged Dimitrov with deportability under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(1)(B) (the Act), for entering the United States in an "unknown manner," apparently without inspection. After a deportation hearing at which Dimitrov conceded deportability, the IJ denied Dimitrov's request for asylum and withholding of deportation.
 
 
 4
 The filing deadline for the notice of appeal of the IJ's decision was August 2, 1993. Although Dimitrov submitted the filing fee to his attorney on July 29, 1993, the attorney did not file the notice until August 5, 1993, three days after the deadline. On August 12, 1993, the INS moved for summary dismissal on the ground that the BIA lacked jurisdiction over an untimely appeal. On February 9, 1994, the BIA refused to take Dimitrov's case on certification pursuant to 8 C.F.R. Sec. 3.1(c), dismissed his appeal as untimely and denied the INS's motion for summary dismissal. This petition for review followed.
 
 APPELLATE JURISDICTION
 
 5
 The INS argues we lack jurisdiction to review the BIA's dismissal of Dimitrov's untimely appeal because the relevant jurisdictional statute, section 106(a) of the Act, 8 U.S.C. Sec. 1105a(a), vests jurisdiction in the court of appeals from "all final orders of deportation." Because the decision of the IJ becomes final in the absence of a timely appeal, Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993), the government contends that only the IJ's decision--and not the BIA's dismissal--is a final, appealable order.
 
 
 6
 This argument is without merit. The BIA's summary dismissal of an untimely appeal is a final agency action for which an alien can petition for review. Gonzalez-Julio v. INS, 34 F.3d 820, 822 (9th Cir.1994) (citing 8 C.F.R. Sec. 3.1(d)(2), which states that the "decision of the Board shall be final...."). See also Vlaicu v. INS, 998 F.2d 758, 759 (9th Cir.1993) (holding that we had jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) when "[t]he only issue before us is whether the BIA properly dismissed the petitioners' appeal as untimely"); Shamsi v. INS, 998 F.2d 761, 762 (9th Cir.1993) (in petition for review of BIA's dismissal of untimely appeal, court noted its jurisdiction under 8 U.S.C. Sec. 1105a); Da Cruz, 4 F.3d at 722 (ruling on the question of whether BIA had jurisdiction to consider an untimely appeal); Hernandez-Rivera v. INS, 630 F.2d 1352, 1353 (9th Cir.1980) (same). In each of these cases, we had jurisdiction to review the propriety of the BIA's dismissal or acceptance of an untimely appeal. Accordingly, we have jurisdiction to consider Dimitrov's petition for review.
 
 
 7
 We do not, however, have jurisdiction to review the merits of Dimitrov's asylum claim or the IJ's decision to deny his claim. Our review is confined to the BIA's decision and the bases upon which the BIA relied in reaching its decision. Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988).
 
 
 8
 In Martinez-Zelaya, an alien appealing an IJ's decision failed to file a brief in support of her appeal. The BIA summarily dismissed the appeal as frivolous and filed solely for the purpose of delay. Id. at 295. In her brief, Martinez-Zelaya did not address the propriety of the BIA's summary dismissal, instead arguing the points she failed to make to the BIA. We held our "review does not extend to what [petitioner] should have argued to the BIA. Instead our review is confined to the BIA's decision and the bases upon which the BIA relied." Id. at 296; De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991). See also Da Cruz, 4 F.3d at 722-23 ("We have no jurisdiction to review the Immigration Judge's decision because the [petitioner] did not timely appeal to the BIA."). Thus, while Dimitrov's brief sets forth the merits of his asylum claim, we will not address those arguments. Our review is limited to the propriety of the BIA's summary dismissal of Dimitrov's untimely appeal.
 
 PROPRIETY OF BIA'S SUMMARY DISMISSAL
 
 9
 We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Da Cruz, 4 F.3d at 722. The time limit for filing an appeal is mandatory and jurisdictional. Id. at 722; Hernandez-Rivera, 630 F.2d at 1354. When an appeal is not taken within the allotted time, the right to appeal is lost. Da Cruz, 4 F.3d at 722.
 
 
 10
 There are exceptions to this rule however. Under the doctrine of "unique circumstances," if a party is misled by the words or conduct of a court as to the time within which to file a notice of appeal, an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal. See Vlaicu, 998 F.2d at 760 (holding that the BIA should not have dismissed an appeal as untimely when petitioners were "understandably misled" by both INS regulations and a notice letter from the IJ into believing that filing their fee and notice of appeal within the allotted time to the INS office but not to the Office of the Immigration Judge would suffice for a timely appeal); Shamsi, 998 F.2d at 763 (holding that INS forms and regulations misled petitioner into filing notice only with the INS office and not with the Office of the Immigration Judge, and that notice of appeal should not therefore be dismissed as untimely); Hernandez-Rivera, 630 F.2d at 1355 (where counsel for appellant was "lulled into a false sense of security" that he could delay filing the notice of appeal because the court granted an extension of time and thus officially misled the petitioner, the late notice would be "deemed to have been constructively filed within the jurisdictional time limits").
 
 
 11
 Dimitrov contends he is the victim of "unique circumstances" because his lawyer failed to file the appeal within the prescribed time limit. But Dimitrov ignores the fact that in every circuit, in every court and even in those cases which Dimitrov cites, the "unique circumstances" excuse only applies when there has been official misleading as to the time within which to file an appeal; that is, where a court, a government agency or agency regulations themselves somehow mislead the petitioner into believing that he is properly and timely filing his appeal. See Thompson v. INS, 375 U.S. 384, 386-87 (1964) (untimely appeal allowed when litigant relied on the district court's explicit statement that the motion for a new trial was made in "ample time" and thus waited to file an appeal); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962) ("unique circumstances" justified allowance of an untimely appeal when petitioner relied on district court's erroneous extension of time within which to appeal). When the time period expires as a result of the petitioner's action, or that of his attorney, the circumstances are not "unique" and do not warrant acceptance of an untimely appeal. United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1268-69 (9th Cir.1985).
 
 
 12
 In this case, Dimitrov does not argue that either he or his attorney was misled by the court, by the INS or by INS regulations into filing an untimely appeal. There are no "unique circumstances" which would justify the BIA's acceptance of Dimitrov's appeal.
 
 
 13
 Dimitrov relies on Matter of Felix, 14 I. & N.Dec. 143 (BIA1972), for the proposition that the Executive Office for Immigration Review's acceptance of his untimely notice and fee and forwarding of his case transcripts to the BIA somehow conferred jurisdiction on the BIA to hear his untimely appeal. This reliance is misplaced. Matter of Felix holds only that a respondent in a deportation proceeding who files a motion to reopen and submits the required fee is entitled to an adjudication by the tribunal having jurisdiction, and that an immigration judge cannot simply return the motion to respondent's counsel without action. Id. at 144. In the present case, the BIA acted on Dimitrov's motion. Furthermore, while Matter of Felix requires adjudication by the tribunal having jurisdiction, the issue in the present case is whether BIA had such jurisdiction. Matter of Felix is inapposite.
 
 
 14
 Dimitrov argues his counsel was so ineffective his right to fundamental fairness in the BIA proceeding was violated, and as a result he was denied due process. He contends that because of this due process violation, we should remand his case to the BIA and permit him to file his notice of appeal. We decline to do so, because this is not the appropriate procedure.
 
 
 15
 As the INS observes in its brief, Dimitrov's proper course of action is to file a motion to reopen with the BIA, raising his claims of ineffective assistance of counsel there. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985) ("[W]e will not supersede this ordinary reopening procedure by compelling the BIA to reopen the hearing.... Thus, the petitioner must follow the INS regulations and file a motion to reopen or for reconsideration with the BIA."); Olivar v. INS, 967 F.2d 1381, 1382 (9th Cir.1992) ("When an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this Court to compel the BIA to reopen."); Arreaza-Cruz v. INS, 39 F.3d 909, 912 (9th Cir.1994) ("Arreaza failed to raise his ineffective assistance of counsel claim before the [BIA]. Arreaza should have raised the claim prior to his deportation in a motion to reopen, which he had ample time to file."). See also Matter of Lozada, 19 I. & N.Dec. 637 (BIA1988) (establishing guidelines for raising ineffective assistance of counsel claims before the BIA). If Dimitrov's motion to reopen is denied, he may then challenge in this court the BIA's refusal to reopen as violative of due process. See Roque-Carranza, 778 F.2d at 1374.
 
 
 16
 Accordingly, in the exercise of our discretion, we stay our mandate for 60 days from the filing of this memorandum disposition to allow Dimitrov the opportunity to file a motion to reopen with the BIA. Within fourteen days of the expiration of this period, each party shall file a status report. If Dimitrov files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza, 778 F.2d at 1374. If Dimitrov fails to file a motion to reopen within the 60-day period or fails to file a timely status report, the mandate shall issue without further notice.
 
 
 17
 Petition for review DENIED.
 
 
 
 *
 Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3