142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Claudia AGUIRRE-LOPEZ, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70696.
INS No. Axj-tzd-cos.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Claudia Aguirre-Lopez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals' ("BIA") denying her motion to reconsider its decision dismissing her appeal from the Immigration Judge's ("IJ") denial of her applications for asylum and witholding of deportation.
 
 
 3
 The Illegal Immigration Reform and Immigrant Responsibility and Nationality Act ("IIRIRA") requires that petitions for review of final orders of deportation entered after October 30, 1996, must be filed within 30 days of the date of the order. See Narayan v. INS, 105 F.3d 1335, 1335 (9th Cir.1997). Only in rare instances does jurisdiction lie over untimely immigration appeals, such as when a party is misled by a lower tribunal. See Hernandez-Rivera v.. INS, 630 F.2d 1352, 1354 (9th Cir.1980).
 
 
 4
 In this case, the record reflects that the BIA sent notice of its March 13, 1997 decision to the address listed on the caption page of Aguirre-Lopez's motion to reconsider.[1] Because Aguirre-Lopez failed to show unique circumstances sufficient to excuse her untimely petition for judicial review, we lack jurisdiction to consider her petition. See Caruncho, 68 F.3d at 359.
 
 
 5
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because "[d]ue process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien," Aguirre-Lopez's due process argument fails. See Farhoud v.. INS, 114 F.3d 867, 869 (9th Cir.1997); United States v. Gomez-Gutierrez, No. 96-50653, slip op. 3229, 3232 (9th Cir. Apr. 8, 1998) (per curiam) (stating that affixing signature on document signifies knowlege of its contents and attests to its accuracy)