**Chen MANOR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 01–70135, 01–71527.

INS No. A72–524–203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Jan. 10, 2003.

---

Before CANBY, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM *

Chen Manor petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen proceedings for adjustment of status. Manor also petitions for review of the BIA's denial of his motion to reconsider the denial of the motion to reopen. The two petitions have been consolidated for review by this court.

The BIA denied Manor's motion to reopen for adjustment of status because it was filed out of time. 8 C.F.R. § 3.2. Manor concedes that the motion was untimely, but claims that the BIA should have exercised its discretionary power to reopen its proceedings *sua sponte* under 8 C.F.R. § 3.2(a).

■ We lack jurisdiction to review the BIA's denial of the motion to reopen because Manor failed to file his petition for review by this court within thirty days of the BIA's decision. *See* Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. 104–208, Div. C, 110 Stat. 3009–546, § 309(c)(4)(C) (Sept. 30, 1996). Although we may entertain a late petition when the petitioner has been officially misled as to the time within which to file an appeal, *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980), there was no such deception in this case.

■ We also lack jurisdiction to review the BIA's discretionary decision not to exercise its power under 8 C.F.R. § 3.2(a) to reopen Manor's proceeding *sua sponte*. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Cir.2002). Accordingly, we dismiss Manor's appeal of the Board's denial of reopening.

Manor's second appeal, which was timely, challenges the BIA's refusal to reconsider its denial of reopening. Manor's motion to reconsider requested the BIA to reissue its denial of the motion to reopen so that Manor could file a timely petition for review of that decision with this court. Manor claims that his due process rights were violated because he did not receive actual notice of the order denying his motion to reopen, and that the BIA therefore erred in refusing to reconsider and reissue the order.

We review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We review de novo the question whether the BIA violated Manor's right to due process of law. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996).

The Due Process Clause protects aliens in deportation proceedings and guarantees the right to a full and fair hearing as well as notice of that hearing. *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997). To satisfy due process, the "notice must be such as is reasonably calculated to reach interested parties." *Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). If such reasonable procedures are employed, the absence of actual notice does not violate due process. *Mullane,* 339 U.S. at 315, 319.

So far as the record reveals, neither Manor nor his attorney received actual notice of the denial of reopening. Manor contends that the notice procedure was deficient because the BIA did not send notice to Manor's current address nor to his attorney. The BIA, however, sent notice by mail to the last address that Manor provided to the BIA. Prior to issuing its decision, the BIA notified Manor that the order concerning the motion to reopen would be sent to his last address of record. The BIA's procedure complied with due process. *See Urbina–Osejo v. INS,* 124 F.3d 1314, 1317 (9th Cir.1997).

To overcome the presumption of adequate notice that attends such a mailing, Manor was required to present substantial and probative evidence demonstrating that there was improper delivery or that nondelivery was not due to Manor's failure to provide an address where he could receive mail. *Id.* Manor did not include his address, new or old, in his motion to reopen. He did not otherwise provide the BIA with his new address. Manor failed to present substantial evidence demonstrating that the nondelivery of the BIA's decision was not due to his failure to provide an address where he could receive mail.

Manor complains that no notice was sent to his attorney. The BIA is required to provide notice of its decisions only to those attorneys who are of record. 8 C.F.R. § 292.5(a). Manor's attorney was not the attorney of record because he did not file a Notice of Entry of Appearance as required by 8 C.F.R. § 3.2(g)(1), despite the fact that the BIA notified Manor and his attorney that, unless a Notice of Entry of Appearance was filed, notice of the decision would be sent only to Manor.[1] Under these circumstances, the BIA was justified in not sending notice to Manor's attorney.

■ We conclude, therefore, that Manor received constitutionally adequate notice of the BIA's decision to deny his motion to

1. There was accordingly no confusion in the BIA's instructions of the kind that led us to grant relief in *Dobrota v. INS,* 311 F.3d 1206 (9th Cir.2002) (defective notice of deportation proceeding).

reopen. The BIA accordingly did not abuse its discretion in declining to reconsider that denial.

No. 01–70135: PETITION FOR REVIEW DISMISSED.

No. 01–71527: PETITION FOR REVIEW DENIED.