**Mario Aurelio RAMIREZ–RAMIREZ,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–73376.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided April 20, 2004.

Carlos A. Cruz, Esq., Law Offices of
Carlos A. Cruz, Los Angeles, CA, for Peti-
tioner.

Regional Counsel, Laguna Niguel, CA,
CAC–District Counsel, Esq., Los Angeles,
CA, Ronald E. LeFevre, Chief Legal Offi-
cer, San Francisco, CA, Jocelyn Lopez
Wright, Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and
TALLMAN, Circuit Judges.

ORDER *

Ramirez–Ramirez's petition for review
was filed 31 days after the date of the
Board of Immigration Appeal's decision.
We dismiss the petition for lack of jurisdic-
tion. *See* 8 U.S.C. § 1252(b)(1) ("[t]he pe-
tition for review must be filed not later
than 30 days after the date of the final
order of removal").

**PETITION FOR REVIEW DIS-
MISSED.**

PREGERSON, Circuit Judge,
Dissenting.

We have recognized that "where there
has been official misleading as to the time
within which to file a notice of appeal, the
late notice may be deemed to have been
constructively filed within the jurisdiction-
al time limits." *Hernandez–Rivera v.
INS,* 630 F.2d 1352, 1355 (9th Cir.1980)
(collecting cases).

The BIA's Order of Removal is date-
stamped September 16, 2002, ostensibly
making the Petition for Review due on
October 16, 2002—"30 days after the date
of the final order of removal." 8 U.S.C.
§ 1252(b)(1). But the transmittal no-
tice/cover letter from BIA Clerk's office,
on which Petitioner's counsel relied to de-
termine the date the Petition was due,
states that the *"D* ate of this notice" is
September 17, 2002.[1] Similarly, the Exec-

---

7. *See Greenwood v. FAA,* 28 F.3d 971, 977
(9th Cir.1994).

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

1. During the calendar week in which this
matter was heard, we considered appeals in
22 additional immigration matters. In every

one, the dates of the BIA's order and the
transmittal notice/cover letter are the *same.*

The date on the BIA's orders is stamped
with a rubber stamp that uses dials to change
the month, day, and year. The date on the
transmittal notice/cover letter is generated by
computer. The only logical explanation for
the differing dates in this case appears to be
that whoever stamped the BIA's order forgot
to turn the day dial from "16" to "17." Were

utive Office of Immigration Review's automated phone tree system (1–800–898–7180), which Petitioner's counsel used to verify the status of Petitioner's case, told counsel that the BIA's Order was dated September 17, 2002.[2]

The majority ignores *Hernandez–Rivera* and faults Petitioner for filing his Petition for Review one day late. I dissent because Petitioner was "official[ly] misle[d]" by the

Attorney General as to the date of the BIA's Order of Removal and the deadline for filing the Petition for Review.

it provable that this actually happened, the effective date of the BIA's Order of Removal would be September 17, 2002, and the Petition for Review would have been timely filed.

2. The "Index" to the Certified Administrative Record, prepared by the Department of Justice's Office of Immigration Litigation, states that the "Decision of the Board of Immigration Appeals" was September 17, 2002—not September 16, 2002. Petitioner did not detrimentally rely on the Index' representation

that the BIA's Order was dated September 17, 2002 because the Certified Administrative Record was prepared on March 20, 2003—over five months after Petitioner filed his Petition for Review. Nevertheless, the Index is strong evidence that the differing dates on the BIA's Order and transmittal notice/cover letter are misleading. Even the Department of Justice's Office of Immigration Litigation, which is in a much better position than Petitioner to properly interpret BIA documents, was misled.