**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0900n.06

No. 11-3531

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

MANUEL CARMELO VALDEZ-
RODRIGUEZ,

      Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

*Aug 14, 2012*

LEONARD GREEN, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE:  BOGGS, GILMAN, and DONALD, Circuit Judges.

PER CURIAM.  Manuel Carmelo Valdez-Rodriguez petitions for review of an order of the

Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) order of removal.

Valdez-Rodriguez is a native and citizen of Mexico.  In April 2000, he entered the United

States without being admitted or paroled after inspection.  In 2008, the Department of Homeland

Security initiated removal proceedings against him.  Valdez-Rodriguez conceded removability, but

moved the IJ to continue or stay his removal proceedings pending the adjudication of an I-130 visa

petition that was to be filed on his behalf by his five-year-old son, who is a United States citizen.

The IJ denied the request and ordered Valdez-Rodriguez removed from the country, concluding that,

under 8 U.S.C. § 1151(b)(2)(A)(i), a child must be at least twenty-one years old to file an I-130 visa

petition on behalf of a parent.  The BIA affirmed the IJ's decision, declining to address Valdez-

Rodriguez's constitutional challenge to § 1151(b)(2)(A)(i) as beyond its power of review.

On appeal, Valdez-Rodriguez asserts two arguments: (1) his removal from the country and his minor son's inability to file an I-130 visa petition on his behalf violate their rights under the United States Constitution and international law; and (2) the age requirement in § 1151(b)(2)(A)(i) has no rational basis. When the BIA issues its own opinion rather than summarily adopting the findings of the IJ, we review the BIA's decision as the final agency determination. *Bi Xia Qu v. Holder*, 618 F.3d 602, 605 (6th Cir. 2010). We review legal conclusions de novo and factual findings under the substantial-evidence standard. *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009).

The IJ's order of removal did not violate the constitutional rights of either Valdez-Rodriguez or his United States citizen son. *See Payne-Barahona v. Gonzales*, 474 F.3d 1, 2-3 & n.1 (1st Cir. 2007); *Newton v. INS*, 736 F.2d 336, 342-43 (6th Cir. 1984); *Hernandez-Rivera v. INS*, 630 F.2d 1352, 1356 (9th Cir. 1980). Further, Valdez-Rodriguez has not identified any specific violation of international law, and "[i]t is the role of Congress, not courts, to ensure that immigration laws comport with family, societal, and other values." *Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008) (citation omitted). Finally, the age requirement in § 1151(b)(2)(A)(i) is not irrational because it prevents individuals from entering the country illegally and promptly having children to avoid deportation. *Hernandez-Rivera*, 630 F.2d at 1356.

Accordingly, we deny Valdez-Rodriguez's petition for review.