NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR VASQUEZ-MATA, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 16-73308 <br><br> Agency No. A201-243-859 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018[**]
San Francisco, California

Before: M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

Oscar Vasquez-Mata ("Petitioner") seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal of the denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture. The BIA issued its decision on July 22, 2016.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner did not petition for review until October 14, 2016—nearly three months later. A "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The petition for review is therefore untimely, and we lack jurisdiction. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

Petitioner asks that we toll the deadline for filing his petition because he was incarcerated at the time the BIA issued its decision. Our cases have recognized only two circumstances under which we will exercise jurisdiction over an untimely petition for review. First, we will allow a late filing "where there has been official misleading [by the court or the BIA] as to the time within which to file a notice of appeal." *Id.* (quoting *Hernandez-Rivera v. INS*, 630 F.2d 1352, 1355 (9th Cir. 1980)) (alterations in original). Second, because a "petitioner should not be penalized for the BIA's failure to comply with the terms of the federal regulations," the "[t]ime for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to the petitioner's [or his counsel's] address of record." *Id.* (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)) (alterations in original).

Neither situation applies here, and we cannot otherwise toll the time for petitioner to file his petition for review. Accordingly, we dismiss the petition for lack of jurisdiction.

**PETITION DISMISSED.**